IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
:
: CASE NO. 4:11 CV 0746
TIMOTHY JEROME NIXON, :
               Petitioner, :
:
: MEMORANDUM OF OPINION
        -vs- : AND ORDER
:
:
:
WARDEN F.C.I. ELKTON, :
               Respondent.
-------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court is pro se petitioner Timothy Jerome Nixon's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. Mr. Nixon, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), names F.C.I. Elkton Warden as Respondent. Mr. Nixon seeks this Court's intervention to order the Respondent to designate his permanent residence to be North Miami, Florida, to transfer him to a facility nearer to his requested permanent address, and to reduce his security level classification.

**Background**

On 9 August 2010, Mr. Nixon filed an Informal Resolution Form with F.C.I. Elkton staff. He requested a nearer release transfer and that his permanent address be changed to North Miami, Florida. These requests were denied on the same date. Mr. Nixon appealed the Informal Resolution decision to Warden Shartle at F.C.I. Elkton. The warden

denied his requests on 31 August 2010. As a result, Mr. Nixon believes his right to procedural due process has been violated.

Furthermore, Mr. Nixon claims that the BOP denied his requested security level decrease because his "offense conduct describes Mr. Nixon shooting another individual multiple times." (Pet. at Attch. C). Mr. Nixon argues that this basis for denial violates the double jeopardy clause of the Eighth Amendment because he was already punished for his crime by the State of North Carolina.

**Analysis**

Mr. Nixon seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). The writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Supreme Court has interpreted this language to require that the "petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed," Maleng v. Cook, 490 U.S. 488, 491-92 (1989) (citations omitted), or under a consecutive sentence imposed at the same time as the conviction or sentence under attack. See Garlotte v. Fordice, 515 U.S. 39, 41 (1995).

When a prisoner seeks to challenge the execution or manner in which the sentence is served, his petition shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)). Because this Court has personal jurisdiction over Mr. Nixon's custodian, the warden at F.C.I. Elkton, the petition is properly before this Court.

**Right to Nearer Release Transfer and Permanent Address Change**

As a threshold matter, the requirements of procedural due process apply only to the deprivation of "liberty and property" interests under the Fifth and Fourteenth Amendments. See Board of Regents v. Roth, 408 U.S. 564, 571(1972). Without a liberty interest at stake, Mr. Nixon cannot claim any entitlement to due process protection. See Wilkinson v. Austin, 545 U.S 209, 221 (2005)(we "reach the question of what process is due only if the inmates establish a constitutionally protected liberty interest").

Prisoners do not have a liberty interest in being assigned to the facility of their choice. See Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Furthermore, and *a fortiori*, prisoners do not have a liberty interest in a permanent address change. Therefore, contrary to his declaration, Mr. Nixon lacks any liberty interest in a particular transfer or a permanent address change, and the Court declines to supervise "the day-to-day functioning of . . . prisons . . . and discretionary decisions that are not the business of federal judges." Meachum, 427 U.S. at 228-29. Finally, Respondent has advised Mr. Nixon that he is still entitled to request a nearer release transfer 18 months before his scheduled release date.

**Double Jeopardy**

The Supreme Court has explained that "the Double Jeopardy Clause protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." United States v. Halper, 490 U.S. 435, 440 (1989). There is no question that the first two abuses are not at issue in this case. Mr. Nixon asserts, however, that denying him a decrease in security because of his crime in North Carolina subjects him to

3

an additional sanction for purposes of further punishment and thus violates the Double Jeopardy Clause.

Mr. Nixon's claim lacks merit. His argument presupposes that the BOP's decision to retain his security classification was a sanction or punishment. However, as he does not enjoy a liberty interest in a prison transfer, he is not entitled to any particular security classification. The BOP classification procedure is within the discretion of the Attorney General as delegated to the Director of the BOP. See 18 U.S.C. § 4081; 28 C.F.R. § 0.96; see e.g., Peck v. Hoff, 660 F.2d 371, 373 (8th Cir.1981)("prisoner classification and eligibility for rehabilitative programs are matters delegated by Congress to the discretion of federal prison officials"). Claims based on classification procedures do not state constitutional claims. See Moody v. Daggett, 429 U.S. 78 (1976).

## Conclusion

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

      IT IS SO ORDERED.

                        /s/Lesley Wells
                        LESLEY WELLS
                        UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.